NO. 8656

COURT OF APPEAL

PARISH OF ORLEANS

———

E. W. ULLRICH GLASS COMPANY INC.

versus

A. G. WILLIAMS CANDY COMPANY ?

———

———

Court of Appeal,
PARISH OF ORLEANS

Jan'y. 22/1923

8656

405

Dunkelspiel; J.

This suit instituted by plaintiff, claiming payment for two show cases sold to the defendant and delivered to the latter, for the sum of $193.00.

The answer denies the indebtedness, admits that it ordered the glass show cases for the purpose of showing candies to the public, and that the plaintiff failed to furnish the show cases, in that those delivered were not air-tight in order to preserve the candy, and further defective because owing to the odors of paint, the candies exposed deteriorated and were ruined through the fault and negligence of plaintiff in not properly constructing the show cases. Defendant further answers claiming judgment in reconvention, that they were compelled to put in new show cases, which cost them $316.00, and that the injuries to the business and to the stock which had been placed in the show cases furnished by plaintiff was to the extent of $75.00, and prayed that plaintiff's suit be dismissed and there be judgment in favor of defendant in reconvention against plaintiff in the sum of $291.00 with interest.

An examination of this record, which is entirely question of fact, proves to our satisfaction that plaintiff did not execute the order for the two show cases in accordance with the agreement entered into at the time the order was given; plaintiff knew the nature of the business for which the show cases were ordered, and knowing the character of the business of the defendant in question being that of a candy vendor on University Place in the City of New Orleans, that the requirements were such in the manufacture of these show cases as to make them air-tight, and plaintiff was informed of this fact and undertook to make these show cases so that they would conform with the requirements of defendant. In this they failed. The show cases were not made air-tight, there were many defects in the manufacture, both in the wood used and particularly in the paint

and enamel, which for the purposes required was to have been of the very highest order, and very best material, and from the record we are satisfied that this was not done; in fact the odor which arose from the paint was noticable for more than a month after the work had been delivered, so that the goods used by defendant for the purpose of show were spoiled, deteriorated and uterrly unfit for exhibition, much less for use. All of these things were established and made knownto plaintiff, and promising to rectify the errors, failed utterly to do so, hence defendant was compelled to call in another show case manufacturer,who testified in this case. who did the work to the entire satisfaction of defendant at a very nominal cost above that which was to have been paid to plaintiff in this case if the cases furnished by it were in proper order.

It would be useless to enter into details of the testimony pro and con in this case and it would serve no usefull purpose. In the argument of this case it was stated by counsel for defendant that the judge of the lower Court had, after the trial of the case, gone into the establishment of the defendant, examined these show cases and found the fact to be that there was still an odor of paint prevailing at the time of his examination. There was no dispute of this fact and no denial made by plaintiff's attorney, and whilst we do not rely upon this statement and only give it in this opinion as an additional reason why the defense in this case must prevail, irrespective of what the Judge may have seen, under the evidence as presented, we are firmly convinced that the plaintiff has failed to make out his case.

On the reconventional demand we see no reason to disturb the judgment which dismissed same.

For the reasons assigned it is therefore ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both courts to be paid by the plaintiff.

January, 1923.          —Judgment affirmed—